# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRELL A. FARRISH,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY CORRECTIONS,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07310 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Terrell A. Farrish, Plaintiff Pro Se
1393 Kenwood Avenue
Camden, NJ 08103

**SIMANDLE, District Judge:**

    1.    Plaintiff Terrell A. Farrish seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Corrections ("CCC"). Complaint, Docket Entry 1.

    2.    Plaintiff filed the Complaint on October 14, 2016. *Id*. This Court administratively terminated the case on October 20, 2016, pending Plaintiff's submission of either the filing fee and administrative fees or a complete *in forma pauperis* ("IFP") application. Docket Entry 2. Pursuant to this Court's December 27, 2016 Order, Plaintiff had until January 26, 2017 to "notify the Court in writing" that he "wishe[d] to reopen this case" by submitting either a complete IFP application with certified six-month prison account statement or a $400 filing fee. *Id*.

Plaintiff did not submit anything to the Clerk of this Court on or prior to the January 26, 2017 deadline. Instead, on June 28, 2018, the Clerk of this Court received Plaintiff's IFP application dated June 15, 2018.

3. Plaintiff's proposed IFP application is, technically, untimely and would therefore fail to re-open this case following the October 20, 2016 administrative termination. The fact that Plaintiff's June 28, 2018 IFP submission is nearly one and a half years late further causes this Court to question whether Plaintiff takes seriously his obligations with respect to prosecuting his claims. Nevertheless, given the fact that this Court must construe *pro se* filings liberally, the Court will enlarge Plaintiff's time and deem his submission (Docket Entry 3) timely. Leave to proceed in this Court without prepayment of fees is therefore authorized. *See* 28 U.S.C. § 1915. The Clerk of this Court will be directed to re-open this case, and the Complaint will now be subjected to *sua sponte* screening under 28 U.S.C. § 1915(e)(2).

4. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because the Court is allowing Plaintiff to proceed *in forma pauperis.*

5. For the reasons set forth below, the Court will: (a) dismiss the Complaint without prejudice for failure to state a claim as to conditions of confinement regarding incarcerations during the period October 14, 2014 – March 2016; and (b) dismiss the Complaint with prejudice for failure to state a claim as to conditions of confinement regarding incarcerations during the period May 21, 2014 - October 13, 2014, as these claims are barred by the statute of limitations. 28 U.S.C. § 1915(e)(2)(b)(ii).

6. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

7. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-

3

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

8. Plaintiff alleges that he was incarcerated by CCC from May 21, 2014 to March 2016. Complaint § III.

9. With respect to factual allegations giving rise to his claims, Plaintiff states: "I was sleeping on the floor under the toilet bowl for months due to four people in one cell." Complaint § III(C).

---

1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

10. Plaintiff contends that he has "minor back pain at night and major when getting up in the morning" as a result of these events during incarceration. *Id*. § IV.

11. As to requested relief, Plaintiff seeks "a reasonable amount of monetary[,] $5,000 or $4,000." *Id*. § V. Plaintiff also "would like the courts to bring a stop to this for the future inmates because this is a problem." *Id*.

**Conditions of Confinement Claim For Monetary Damages, As To Overcrowding During October 14, 2014 to March 2016 Confinements: Dismissed Without Prejudice For Failure To State A Claim**

12. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

13. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the

5

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shock the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

14. Moreover, CCC is not a separate legal entity from Camden County and is therefore not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County. Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d

Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind an alleged constitutional violation. *Monell*, 436 U.S. at 689. Plaintiff has made no such showing here.

15. Although this Court already afforded Plaintiff an opportunity to pursue his claims in this case, but he has shown tremendous reluctance to timely and seriously do so, the Court shall, in light of Plaintiff's *pro se* status, grant Plaintiff leave to amend the Complaint within 30 days of the date of this order, if he wishes to address the Complaint's deficiencies as noted by the Court in this Opinion.

16. In the event Plaintiff does elect to file an amended complaint, he should focus only on the facts of his confinement from October 14, 2014 to March 2016. Given that Plaintiff's earlier-incarceration claims are barred by the statute of limitations and must be dismissed with prejudice, Plaintiff may not assert those claims in an amended complaint.

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

17. In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement. Conclusory statements are not enough.

18. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### **Conditions of Confinement Claims For Injunctive Relief: Dismissed Without Prejudice For Lack of Standing**

19. Plaintiff seeks a court injunction in addition to money damages, but he is no longer incarcerated. (Complaint, §

V) (seeking to have "the courts bring a stop to this for the future inmates"). Plaintiff therefore lacks standing to seek injunctive relief because he is no longer subject to the allegedly unconstitutional conditions he seeks to challenge. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("Appellant in this case was no longer imprisoned at the time he brought his suit . . . Moreover, he does not seek damages for deprivation of his rights while he was [imprisoned] at [defendant's] facility. Rather, he prays only for injunctive and declaratory relief to improve the conditions for those inmates still imprisoned [there]. While helping one's fellow citizen is an admirable goal, the Constitution limits federal court jurisdiction to review of 'actual cases or controversies' in which the plaintiff has a 'personal stake' in the litigation. U.S. CONST. art. III, § 2. The case or controversy must be a continuing one and must be 'live' at all stages of the proceedings. Accordingly, the courts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge") (citations omitted). For these reasons, Plaintiff's claims in this case for prospective injunctive relief must be dismissed for lack of standing.

20. The Court further advises Plaintiff that he was one of thousands of members of a certified class in the case on this

9

Court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which was a class action case. The class plaintiffs were all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until June 30, 2017. The class of plaintiffs sought injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action did not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. Various measures undertaken in several Consent Decrees under court approval reduced the jail population to fewer prisoners than the intended design capacity for the jail. This greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the Sixth and Amended Final Consent Decree, which continues those requirements under court supervision. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member could object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A court hearing occurred on May 23, 2017, at which objections were to be considered. This Court finally approved the *Dittimus-Bey* settlement on June 30, 2017, and that

settlement bars Plaintiff and other class members from seeking injunctive or declaratory relief for the period of time from January 6, 2005 through June 30, 2017, but the settlement did not bar any individual class member from seeking money damages in an individual case. In other words, the Final Consent Decree in *Dittimus-Bey* did not adjudicate or deal with any individual money damage claims. Indeed, claims for money damages were not sought in *Dittimus-Bey* and inmates were free to pursue individual claims for monetary relief under 42 U.S.C. § 1983 by filing an individual complaint.

21. Plaintiff, a class member in *Dittimus-Bey*, is bound by that case's final judgment in which class members are deemed to release claims for injunctive and declaratory relief against Camden County and its officers and employees. This means that Plaintiff, like all class members, can no longer obtain injunctive relief beyond that authorized in the Consent Decree for jail conditions during the class period. But that litigation did not involve individual inmates' or detainees' claims or class claims for money damages, which must be sought and proved on an individual claim basis.

**Conditions of Confinement Claim As To Overcrowding During Confinements From May 21, 2014 - October 13, 2014: Dismissed With Prejudice, As Such Claims Are Time-Barred**

22. To the extent the Complaint in this case seeks relief for conditions Plaintiff encountered during periods of

11

confinement ending October 13, 2014 (two years prior to the day he filed the Complaint), those claims are barred by the statute of limitations and must be dismissed with prejudice. This means that Plaintiff cannot recover for those claims because they have been brought too late.[3] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

23. Plaintiff alleges the events giving rise to his claims occurred during incarcerations from May 21, 2014 to March 2016. Complaint § III. The incarcerations from May 21, 2014 to October 13, 2014 all occurred more than two years prior to the filing of Plaintiff's Complaint. The allegedly unconstitutional conditions of confinement at CCC, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations expired well before this

---

[3] Plaintiff filed this complaint on October 13, 2016.

12

Complaint was filed in 2016. Plaintiff therefore cannot recover for these pre-October 14, 2014 claims.[4]

24. For all of the reasons stated above, Plaintiff's Complaint: (a) is dismissed without prejudice as to conditions of confinement claims regarding incarcerations during the period October 14, 2014 – March 2016; and (b) is dismissed with prejudice as to conditions of confinement claims regarding incarcerations during the period May 21, 2014 - October 13, 2014.

25. An appropriate order follows.

**July 12, 2018**             **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                  U.S. District Judge

---

[4] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. See *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).